**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVE HICKMAN, | : | |
| | : | Civil Action No. 11-7566 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN ZICKEFOOSE, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Steve Hickman
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640

**SIMANDLE**, Chief Judge

   Petitioner Steve Hickman, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden Donna Zickefoose.

---

[1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner is a federal prisoner serving an aggregate 300-month term of imprisonment, pursuant to his conviction in the United States District Court for the Eastern District of North Carolina on various drug offenses.  See United States v. Hickman, Criminal No. 93-0144 (E.D.N.C.).  Assuming Petitioner receives all good conduct time available, his projected release date is August 20, 2015.

Petitioner asserts that he suffers from a skin condition on his legs which has been diagnosed as "lichenoid dermatitis," consistent with lichen planus, and that he also suffers from acne on his face.  Petitioner asserts that the dermatologist[2] who diagnosed Petitioner's conditions prescribed Tretinoin and Clindamycin-Benzoyle Peroxide cream.  As these were non-formulary medications, and because Petitioner's acne-type skin condition was considered cosmetic and was not normally treated, the clinical director prescribed Erythromycin and Clobetasol ointment.  Several months thereafter, Petitioner's treatment was changed; Petitioner continued to use an oral antibiotic, but his

---

[2] This dermatologist was not with the prison medical department; he was in practice with the St. Francis Medical Center.

topical medication was discontinued and he was directed to wash with an antibiotic soap.

Petitioner appears to have exhausted his administrative remedies with respect to his dispute regarding the refusal to treat with the non-formulary medications.  At each level of administrative review, Petitioner sought as relief only the prescribed medications.

In this habeas Petition, Petitioner seeks an order for home confinement, pursuant to 18 U.S.C. § 3624(c)(2),[3] so that he can pursue treatment for his acne.  According to the Petition and attachments, however, Petitioner has not pursued any administrative remedies with respect to a request for home confinement.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

---

[3] Section 3624(c)(2) provides that the Bureau of Prisons may place a prisoner in home confinement in connection with pre-release custody planning.  Title 28 C.F.R. § 570.21 provides that inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of a prisoner's term of imprisonment, "not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months."

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III. ANALYSIS

Petitioner has failed to exhaust his administrative remedies with respect to his request for home confinement to obtain medical care. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981);

Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the Bureau of Prisons Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R.

§ 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.[4]  Id. Appeal to the General Counsel is the final administrative appeal. Id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

    Here, Petitioner did pursue his administrative remedies with respect to the denial of the non-formulary medications.  However, that is not the issue presented by this Petition.  The claim presented here is entitlement to home confinement to obtain medical care.  Nowhere, however, did Petitioner request home confinement as an immediate entitlement or as part of his pre-release planning in order to pursue the treatment he desired.  In

---

[4] Response times for each level of review are set forth in 28 C.F.R. § 542.18.

addition to home confinement in connection with pre-release planning, the Bureau of Prisons has procedures for requesting compassionate release and criteria for home confinement for serious medical conditions.  See In re Morris, 345 Fed.Appx. 796 (3d Cir. 2009) (citing 28 C.F.R. § 571.60 et seq. and BOP Program Statement 7320.01: Home Confinement).  See also 18 U.S.C. § 3582(c)(1)(A) (modification of sentence for extraordinary circumstances upon motion of the Director of the Bureau of Prisons); 18 U.S.C. § 4205(g) (same).  Petitioner did not pursue these remedies, and the Court will not excuse such exhaustion and the opportunity it gives to the BOP to address Petitioner's concerns, or at least to formulate a record for judicial review.  Certainly, the claim of entitlement to home confinement for treatment of a medical condition is the type of claim that would benefit from the development of a factual record through exhaustion of administrative remedies.

Nor has Petitioner alleged any facts that otherwise would permit the Court to find that exhaustion of administrative remedies would be futile.

Accordingly, this Court will dismiss the Petition, without prejudice, for failure to exhaust administrative remedies.

IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.


                                        s/ Jerome B. Simandle
                                        Jerome B. Simandle
                                        Chief Judge
                                        United States District Court

Dated:  **November 27, 2012**